IzWHIPPLE, Judge.
This case is before us on remand from the Louisiana Supreme Court for reconsideration of our previous decision. For the reasons which follow, we again find no error in the judgment of the family court overruling relator’s declinatory exception pleading the objection of lack of subject matter jurisdiction and finding relator in contempt of court. Accordingly, relator’s writ is hereby denied.
*466 FACTS AND PROCEDURAL HISTORY
These proceedings commenced with the filing of a petition for divorce on June 4, 1991, by relator, Richard Lee Boudreaux, against respondent, Sandra Boudreaux, in the Family Court of East Baton Rouge Parish. In response to a “Rule to Show Cause Why Stipulation Should Not Be Enforced and Judgment Granted,” filed by relator, on June 30, 1992, the parties appeared for a hearing before the Family Court for the Parish of East Baton Rouge. On that date, Judge Jennifer Luse signed a judgment based on the parties’ stipulated agreement. The judgment provided as follows: a divorce was granted to the parties; Mrs. Boudreaux was awarded $1,200.00 per month as alimony, effective April 1, 1992, and terminating in August of 1993, with the alimony payments being conditioned upon her remaining in school; Mrs. Boudreaux was awarded sole custody of the minor child born of the marriage; and Mr. Boudreaux was ordered to pay $800.00 per month as child support. The judgment further provided that certain community accounts (checking, savings and certificates of deposit) and movable property be divided equally between the parties and recognized that Mrs. Boudreaux was to receive a portion of Mr. Boudreaux’s retirement fund. The judgment also specifically provided that Mrs. Boudreaux waived any right to alimony from September, 1993 forward.
On January 22, 1993, Mrs. Boudreaux filed a rule for contempt against Mr. Boudreaux in the Family Court for refusing to cooperate in the division of the accounts and refusing to execute the documents necessary for Mrs. Boudreaux to receive her portion of the retirement funds, all as provided for in the June 30, 1992 ^judgment. Mr. Boudreaux responded by filing a declinatory exception pleading the objection of lack of subject matter jurisdiction. He argued that the family court lacked jurisdiction to enforce the prior judgment with respect to the division of the various accounts and the division of the community retirement fund.
The Family Court judge overruled Mr. Boudreaux’s exception and found him in contempt of court for failing to comply with the judgment of June 30, 1992. Mr. Boudreaux filed a writ application with this court, which was denied. Boudreaux v. Boudreaux, 93 CW 0951. Subsequently, Mr. Boudreaux filed a writ application in the Louisiana Supreme Court. The supz-eme court granted relator’s writ application, stating as follows: “Granted. Judgment of the court of appeal is vacated and set aside. Case remanded to the coui’t of appeal to reconsider its holding in light of the 1991 amendment to La.R.S. 13:1401.” Boudreaux v. Boudreaux, 94^0817 (La. 6/17/94), 638 So.2d 1075. Accordingly, on January 10, 1995, this court issued a writ of certiorari.
DISCUSSION
The sole issue presented for review is whether the family coui’t for the Parish of East Baton Rouge had subject matter jurisdiction to enforce a judgment rendez-ed in connection with a petition for divorce, ordering the division of the community accounts and the community retirement fund based on a stipulated agreement between the parties.
In Walton v, Walton, 597 So.2d 479, 482 (La.App. 1st Cir.1992), this court stated as follows:
[T]he Nineteenth Judicial District court has exclusive jurisdiction over proceedings involving liquidation and partition of the community after a judgment of divorce or separation from bed and board. Also, ... the Family Court has exclusive jui-isdietion over certain matters, including alimony, as well as jurisdiction over matters that are incidental to alimony. We conclude that where a waiver of alimony is dependent upon a transfer of certain community property, the transfer of the community property is incidental to the alimony matter. Where this agreement occurs prior to a separation from bed and board or divorce, jurisdiction in the Family Court is proper.
LSA-R.S. 13:1401, at the time of our decision in Walton, provided in pertinent part as follows:
There is hereby established the family court for theJUparish of East Baton Rouge, which shall be a court of record with exclu *467 sive jurisdiction in the following proceedings:
* * * * * *
(7) All actions for divorce, separation from bed and board, annulment of marriages, establishment or disavowal of the paternity of children, alimony and support, custody and visitation of children, as well as all matters incidental to any of the foregoing proceedings- The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall retain jurisdiction of all proceedings involving liquidation and partition of the community after a judgment of divorce or separation from bed and board. (Emphasis supplied.)
This statute was amended by Acts 1990, No. 158, § 1, Acts 1990, No. 1008, § 5, and Acts 1990, No. 1009, § 8. The amended version of the statute, which is effective until January 1, 1997,[1] provides, in pertinent part:
A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following-proceedings:
(1) All actions for divorce, annulment of marriages, establishment or disavowal of the paternity of children, spousal and child support, and custody and visitation of children, as well as all matters incidental to any of the foregoing proceedings.... The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall have jurisdiction of proceedings involving partition of community property and the settlement of claims arising from matrimonial regimes, and of proceedings involving a claim for contributions made by one spouse to the education or training of the other spouse.
The supreme court’s order remanding this case directed this court to reconsider our original ruling in light of the above amendment. Mr. Boudreaux argues that the Walton court, as well as this court in its original ruling that the family court had jurisdiction, relied on the “after a judgment” language contained in the former version of LSA-R.S. 13:1401. According to Mr. Boudreaux, the amended version of the statute no longer contains Rthe “after a judgment” language and therefore, the Nineteenth Judicial District Court has exclusive jurisdiction over partition matters both before and after a judgment of divorce or separation from bed and board. Mr. Boudreaux concludes that because we relied on Walton in our original decision, our decision is incorrect. We disagree.
In Walton, we concluded that where a waiver of alimony is dependent upon a transfer of certain community property, the transfer of community property is incidental to the alimony matter. Therefore, as long as the agreement does not occur after a judgment, when the district court has exclusive jurisdiction, the family court has concurrent jurisdiction over the matter.
Our task at this point is to determine the effect of the legislative amendment deleting the “after a judgment” language from the statute. Prior to the amendment, and our decision in Walton, the Nineteenth Judicial District Court had exclusive jurisdiction over liquidation and partition matters that occurred after a judgment. The removal of the “after a judgment” language is subject to two interpretations.
First, the removal of the “after a judgment” language can be interpreted to expand the jurisdiction of the family court. By deleting this language, the statute can be interpreted as granting the family court concurrent jurisdiction with the district court, over partition matters which are incidental to ali *468 mony and support matters, both before and after the judgment, whereas prior to the amendment the family court’s jurisdiction was concurrent with the district court’s jurisdiction only prior to a judgment. Alternatively, as argued by Mr. Boudreaux, we could conclude that the removal of this qualifying-language means that the district court now has exclusive jurisdiction both before and after a judgment, whereas prior to the amendment, the district court retained exclusive jurisdiction only after a judgment.
Considering the legislative history of the statute and the recent trend towards expanding the jurisdiction of the family court, as evidenced by the constitutional and statutory amendments, lewe find no basis for the restrictive interpretation of the amended statute as urged by relator. Under the amended version of the statute, we conclude that the family court has concurrent jurisdiction with the district court, both before and after a judgment, over certain community property matters. Specifically, where there is a waiver of alimony which is dependent upon a transfer of the community property, the transfer of the community property is incidental to the alimony matter. It is of no consequence whether the agreement occurs prior to or subsequent to a judgment. Jurisdiction in the family court is proper.
In the case sub judice, the judgment providing for partition of the community and distribution of the household goods and other property, (including the retirement and other accounts) was rendered pursuant to the stipulation of the parties, and specifically sets forth that Mrs. Boudreaux agreed therein to waive permanent alimony after September of 1993. We find no error in the trial court’s conclusion that the waiver of permanent alimony was dependent upon the transfer of a portion of the community accounts and community retirement fund to Mrs. Boudreaux.
Therefore, we find no error in the trial court’s judgment overruling Mr. Boudreaux’s declinatory exception pleading the objection of lack of subject matter jurisdiction and holding Mr. Boudreaux in contempt of court.
CONCLUSION
For the above and foregoing reasons, relator’s writ is hereby denied. All costs are assessed against Richard Lee Boudreaux.
WRIT DENIED.
KUHN, J., concurs and assigns reasons.
FOIL, J., concurs in the result and concurs in the concurring opinion of KUHN, J.

. Acts 1993, No. 485, § 1, effective January 1, 1997, amended LSA-R.S. 13:1401 to provide that the family court for the Parish of East Baton Rouge has exclusive jurisdiction in "[a]ll actions for partition of community property and for the settlement of claims arising from matrimonial regimes, when such actions arise as a result of divorce or annulment of marriage....” The effectiveness of the amendment was conditioned upon a constitutional amendment to Art. 5, § 16(A). On October 1, 1994, the amendment was approved at the 1994 congressional primary election and became effective November 3, 1994. Thus, all actions for the partition of community property arising as a result of divorce or annulment, filed after December 31, 1996, are properly heard by the family court.