| WHIPPLE, J.,
dissenting.
By Acts 1993, No. 485, § 1, LSA-R.S. 13:1401 was amended to confer exclusive jurisdiction upon the Family Court for the Parish of East Baton Rouge over actions for partition of community property and “for the settlement of claims arising from matrimonial regimes.” LSA-R.S. 13:1401(A)(2); Boudreaux v. Boudreaux, 93-0951, p. 4 n. 1 (La.App. 1st Cir.5/5/95), 655 So.2d 465, 467 n. 1, unit not considered, 95-1444 (La.9/22/95), 660 So.2d 468. This amendment did not become effective until January 1, 1997, and only applied to “actions for partition of community property, for the settlement of claims arising from matrimonial regimes, and for contributions by one spouse to the education or training of the other spouse filed after December 31, 1996.” 1993 Acts, No. 485, § 2. Because Ms. Marbur/s suit was filed after December 31, 1996, the question of whether the Family Court has exclusive jurisdiction over this matter hinges on whether this suit can be classified as an action “for the settlement of claims arising from matrimonial regimes.”
The May 28, 1991 community property settlement entered into by the parties herein is silent with regard to any debt owed to Mr. Carpenter’s mother’s succession. As the record reveals, at the time the parties entered into the community property settlement, Mr. Carpenter alone, through the stipulated judgment in his mother’s succession proceeding, became obligated to repay the money he had tunneled from his mother’s succession | ^account. However, by judgment rendered almost seven years after the parties divorced and entered into the community property settlement, this debt was judicially declared to be “a joint and solidary obligation of the defendants, Milvern Wesley Carpenter, Jr. and Diane Gayle Carpenter and of their former community of acquets and gains.”
After judgment was rendered declaring this debt to be a joint and solidary obligation of the parties and their former community, Ms. Marbury, with her separate funds, paid the full amount owed to satisfy the 1990 judgment, as evidenced by a copy *718 of a check dated September 23, 1998, made payable to the “Clerk of Court” for the sum of $9,566.21.
Obligations incurred by a spouse during the existence of a community property regime are presumed to be community obligations. LSA-C.C. art. 2361. In fact, as stated above, by judgment dated April 2, 1998, this obligation was declared to be a joint and solidary obligation of Mr. Carpenter, Ms. Marbury and their former community. Pursuant to LSA-C.C. art. 2365, if a spouse uses her separate property to satisfy a community obligation, that spouse is entitled to reimbursement of one-half of the amount upon termination of the community property regime.
Considering the foregoing, I would conclude Ms. Marbury’s claim against Mr. Carpenter constitutes an action “for the settlement of claims arising from matrimonial regimes” within the meaning of LSA-R.S. 13:1401(A)(2).[1] Accordingly, in my view, the Family Court of East Baton | ¡¡Rouge Parish was the court of proper jurisdiction, and the trial court lacked subject matter jurisdiction over this matter. LSA-R.S. 13:1401 (A) (2) (c).
For these reasons, I respectfully dissent.

. Although a number of years have passed since the parties’ divorce and community property settlement herein, in my view, this matter nonetheless must be brought before the Family Court of East Baton Rouge Parish. In Ransome, this court concluded that a suit for breach of a community property agreement brought four years after the agreement was executed was within the exclusive jurisdiction of the Family Court. Ransome, 99-1291 at p. 3, 791 So.2d at 121. In Ransome, this court noted that "our holding gives deference to the intent of the legislature which obviously has been to expand the jurisdiction of the Family Court to provide one forum to resolve disputes between spouses or former spouses which involve issues related to their marriage.” Ransome, 99-1291 at p. 3, 791 So.2d at 121. Similarly, in Gerald, the parties were divorced and entered into a community property settlement agreement in 1993. However, the agreement was silent as to the husband’s retirement benefits. In an action initiated five years later by the former wife, in which she sought to partition this remaining asset, this court affirmed the trial court's finding that the Family Court had exclusive jurisdiction over the matter. Gerald, 99-1328 at pp. 1-3, 762 So.2d at 1242-1243.