EDWARDS, Judge.
Caddo Environmental Action League, Inc., appeals the Department of Environmental Quality’s issuance of a sanitary and industrial landfill permit to the City of Shreveport. Urging that the appeal is untimely, the City of Shreveport moved to dismiss. The City’s untimeliness argument is based on a provision in the Mineral Code which states that an enforcement or permit “action shall be final and ... not ... subject to further review unless, no'later than twenty days after the notice of the action is served ... upon the respondent, he files with the secretary a request for hearing.” LSA-R.S. 30:1072 A. The City received notice of the issuance of its permit on October 13, 1986, and no request for hearing was made under section 1072 A.
Within this same section, however, the Mineral Code also provides that “[a]ny person aggrieved by a final decision or order of the secretary may appeal therefrom to the Court of Appeal, First Circuit, if a motion for an appeal is filed with the secretary within thirty days after the final decision or order is served upon the respondent.” LSA-R.S. 30:1072 C. This appeal was filed with the secretary of the Department of Environmental Quality on November 7,1986, well within the thirty-day delay provided in subsection C. It is the City’s contention that the Environmental Action League must first seek review of this action under subsection A, and then only after failing to obtain the relief sought, may it file an appeal under subsection C. We do not agree.
The Mineral Code charges the Department of Environmental Quality with taking certain actions within the scope of its authority, but the Code also allows for review, both within the agency, and in this court. When a subsection A request for hearing is filed, “the secretary shall either grant the relief requested or forward the request to the court of appeal.” LSA-R.S. 30:1072 A. One who fails to obtain the relief he requested under subsection A gets an automatic appeal to this court. Thus one who seeks relief under subsection A has no need of subsection C. Accordingly the City’s argument that subsection C review cannot be had unless subsection A review has first been requested would render subsection C pointless.
Furthermore, we find nothing to indicate that anyone other than a respondent even has the right to request a hearing under subsection A. Subsection A speaks of a hearing request filed by the respondent, that is, the person against whom or in favor of whom the action was taken. The Environmental Action League is not the respondent; its only right to review comes under subsection C, that is, the right of “any person aggrieved” to appeal to this court. Thus a request for review under subsection A can hardly be prerequisite to the Environmental Action League’s right to judicial review under subsection C.
*805 Although subsection A does indeed say that the action “shall not be subject to further review” unless a timely request for hearing is filed, a reading of the whole section requires the conclusion that the action shall not be subject to further review by the agency. If an action were absolutely not subject to further review, there would be no need for subsection C, which allows an appeal to this court. According to subsection A, an action is final unless a request for hearing is timely filed. Subsection C allows appeals of final decisions to this court.
We make no determination on the question whether a respondent must exhaust his administrative remedies before proceeding judicially. In this case appellant did not have an administrative remedy. The appeal was timely filed. For the foregoing reasons the motion to dismiss the appeal is denied.
MOTION DENIED.