597 So.2d 1125 (1992)
In the Matter of AMERICAN WASTE AND POLLUTION CONTROL COMPANY Mid-State Sanitary Regional Landfill Permit Application.
AMERICAN WASTE AND POLLUTION CONTROL COMPANY
v.
The STATE of Louisiana, DEPARTMENT OF ENVIRONMENTAL QUALITY.
Nos. CA 89 0906-R, CA 90 1398.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
Rehearing Denied May 28, 1992.
*1126 Gerald L. Walter, Jr., and James C. Percy, Schwab & Walter, Baton Rouge, for appellant American Waste and Pollution Control Co.
Paula J. Lawrence, Roland T. Huson, III, Baton Rouge, for appellee Dept. of Environmental Quality.
J. Arthur Smith, III, Baton Rouge, for intervenors Marc Oray, Dr. Robert Rush, Inglewood Land and Development Corp., and Rio Rouge Development Corp.
John N. Kennedy, Office of Governor, Baton Rouge.
Raeford Craig Lackey, Baton Rouge.
John B. King, Office of Legal Affairs and Enforcement, Baton Rouge, for defendant-appellee State of Louisiana, Dept. of Environmental Quality.
Before WATKINS, CARTER and FOIL, JJ.
FOIL, Judge.
This appeal questions the retroactivity of an amendment to La.R.S. 30:2024(A), which vests jurisdiction in the trial court to conduct a de novo review of DEQ permit decisions, where DEQ has denied the permit applicant's request for a hearing. We hold that the amendment may be applied retroactively to the present proceeding, and remand the matter to the trial court to conduct a de novo review of DEQ's permit determination.

*1127 PROCEDURAL BACKGROUND
The facts forming the basis of this appeal are not in dispute. On February 18, 1985, American Waste and Pollution Control Company (AWPCC) applied to DEQ for a permit to construct and operate a solid waste landfill in Rapides Parish. By letter dated January 22, 1988, John Koury, DEQ's Assistant Secretary, notified AWPCC that its permit application was being denied. The letter set forth four reasons upon which the permit denial was based. On February 11, 1988, AWPCC formally requested Ms. Martha Madden, DEQ's acting Secretary, to conduct a hearing on the permit denial. While the hearing application was pending, Mr. Paul Templet became the new Secretary of DEQ. He recused himself from the proceedings and Mr. Aub Ward was appointed as Secretary Pro Tem to rule on the hearing request. On January 23, 1989, Mr. Ward denied AWPCC's request for a hearing.
Subsequently, AWPCC filed simultaneous appeals in the 19th Judicial District Court for the Parish of East Baton Rouge and in this court. In both cases, AWPCC challenged the merits of the DEQ action and the constitutionality of the appellate process set forth in La.R.S. 30:2024, contending that La.R.S. 30:2024 was unconstitutional because it vested jurisdiction to review DEQ actions directly in this court, thereby bypassing the trial court. Accordingly, AWPCC argued that it was entitled to present its case on the merits to the trial court. In the trial court proceeding, DEQ filed an exception of lack of subject matter jurisdiction on the basis that La.R.S. 30:2024 vested jurisdiction over the action in this court.
Prior to the final resolution of the constitutional issue in the appellate courts, the trial court dismissed AWPCC's petition for review, finding that it did not have subject matter jurisdiction to review DEQ's permit denial. AWPCC appealed this decision to this court as well. We agreed to decide the issues raised by AWPCC in both appeals in the instant opinion.
In Matter of American Waste & Pollution Control Co., 588 So.2d 367 (La.1991), the Louisiana Supreme Court decided the constitutional issue presented by AWPCC in this appeal, holding that the grant of jurisdiction in La.R.S. 30:2024 to this court to directly review DEQ permit determinations is indeed constitutional. Therefore, there is no constitutional impediment to this court's direct review of the action taken by DEQ in this case.
At issue, however, is whether a change in the statutory grant of jurisdiction in La.R.S. 30:2024(A), which became effective after the trial court dismissed AWPCC's application for review, but while the matter was pending in this court, should be applied retroactively in this case. Prior to the amendment, La.R.S. 30:2024(A) provided that in a permit action, the decision of DEQ was final unless the applicant filed a request with the secretary for a hearing. The secretary was then given the choice of either granting the relief requested or forwarding the hearing request to this court. La.R.S. 30:2024(A) was amended by La. Acts 1990, No. 197, § 1, effective July 2, 1990, to provide as follows:
§ 2024. Finality of action; trial de novo; appeals
A. Any enforcement or permit action shall be effective upon issuance unless a later date is specified therein. Such action shall be final and shall not be subject to further review unless, no later than twenty days after the notice of the action is served by certified mail or by hand upon the respondent, he files with the secretary a request for hearing. Upon timely filing of the request, the secretary shall either grant or deny the request within twenty days. If the request for hearing is granted, the issues raised in the request shall be resolved by an adjudicatory hearing before a hearing officer. Any appeal from a final decision of the secretary shall be in accordance with the provisions of R.S. 30:2024(C). If the request for a hearing is denied, the respondent shall be entitled to file an application for de novo review of the secretary's action in the Nineteenth Judicial District Court for the parish of East Baton Rouge.
*1128 Citing the amendment to La.R.S. 30:2024(A), AWPCC filed a motion in the appeal lodged in this court to remand the case to the trial court to conduct a trial de novo because DEQ's Secretary Pro Tem denied its request for an adjudicatory hearing on the permit denial. Under the current version of La.R.S. 30:2024, this court no longer has subject matter jurisdiction where DEQ has denied a permit applicant an adjudicatory hearing in a permit action. Rather, subject matter jurisdiction over such permit actions is vested in the trial court. The resolution of the proper forum to entertain the present appeal depends on whether La.R.S. 30:2024(A) may be applied retroactively.

RETROACTIVITY OF LA.R.S. 30:2024(A)
La.Civ.Code art. 6 sets forth the general rule regarding retroactivity of laws: substantive laws may be applied prospectively only, in the absence of a contrary legislative expression, while procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. La.R.S. 1:2 provides that no statute is retroactive unless expressly stated. From these principles, it has been consistently stated that the rule of prospective application applies to laws that are substantive in nature, but laws that are procedural, remedial or curative may be applied retroactively. Graham v. Sequoya Corporation, 478 So.2d 1223, 1225-1226 (La. 1985).
A substantive law has been defined as that which creates, confers, defines, destroys or otherwise regulates rights, liabilities, causes of action or legal duties. Thomassie v. Savoie, 581 So.2d 1031, 1034 (La.App. 1st Cir.), writ denied, 589 So.2d 493 (La.1991). However, a procedural statute is one which describes the method of enforcing, processing, administering or determining rights, liabilities or status. Id. at 1034. If a statute merely prescribes the method of enforcing a right which previously existed or maintains redress for invasion of rights, it is classified as procedural; whereas, if it creates a new obligation where none previously existed, it is a substantive law. Young v. American Hoechst Corporation, 527 So.2d 1102, 1103 (La.App. 1st Cir.1988). However, even if the law is characterized as procedural, it may not be applied retroactively if its language evidences a contrary intent, or if the retroactivity would operate to disturb vested rights. Graham v. Sequoya Corporation, 478 So.2d at 1226; Voelkel v. Harrison, 572 So.2d 724, 726 (La.App. 4th Cir. 1990), writ denied, 575 So.2d 391 (La.1991). Furthermore, if a statute which is procedural or remedial also has the effect of making a change in the substantive law, it will be construed to operate prospectively only. Thomassie v. Savoie, 581 So.2d at 1034.
Because the legislature did not express any intention that the legislation be applied retroactively or prospectively, we must decide whether two pertinent changes effected by the amendment to La.R.S. 30:2024(A) are procedural, and if so, whether they may be applied retroactively without impairing vested rights or effecting a substantive change in the law. The first change made by the 1990 amendment to La.R.S. 30:2024(A) is the vesting of subject matter jurisdiction in the trial court. Previously, when DEQ denied an applicant's request for a hearing on a permit action, the aggrieved party had an automatic appeal to this court under La.R.S. 30:2024(A). In re Shreveport Sanitary & Industrial Landfill Standard Permit No. P-0120, 506 So.2d 803, 804 (La.App. 1st Cir. 1987). However, the 1990 amendment vests subject matter jurisdiction to review a DEQ permit decision, where DEQ has denied the applicant's request for a hearing, in the 19th Judicial District Court. Thus, the amendment divests this court of subject matter jurisdiction over the type of administrative action involved in the present appeal and vests jurisdiction over the action in the trial court.
Laws which determine jurisdiction are procedural laws which have been traditionally afforded retroactive application. Jurisdictional provisions apply, from the date of their promulgation, to all lawsuits, *1129 even to those which bear upon facts and acts of a prior date and to pending lawsuits. McBead Drilling Company v. Kremco, Ltd., 509 So.2d 429, 431 (La.1987); Dripps v. Dripps, 366 So.2d 544, 548 (La. 1978). The provision vesting jurisdiction in the trial court to review DEQ's action is clearly a procedural one since it prescribes a method of enforcing a right of judicial review of an administrative decision which previously existed. This provision in no way impairs vested rights; it merely changes the forum in which the applicant may exercise its previously existing right of judicial review. Further, the vesting of subject matter jurisdiction to entertain an appeal in the trial court does not effect a change in the substantive law which gives an aggrieved party the right of judicial review of adverse administrative decisions. Therefore, we conclude that the portion of the amendment which vests subject matter jurisdiction over the issues raised in this appeal may be applied retroactively.
We next must determine whether the second change effected by the 1990 amendment to La.R.S. 30:2024, which requires the trial court to conduct a de novo review, is likewise entitled to retroactive application. Prior to the amendment, because an appeal existed directly to this court, review of DEQ permit decisions was confined to the record as developed before that agency. Purely factual findings were governed by the manifest error or arbitrary and capricious standards of review. See Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152 (La.1984); La.R.S. 49:964G(5) and (6). Even where a trial court was required, in other types of administrative proceedings, to conduct the initial judicial review of the administrative decision, that review was limited, under the Louisiana Administrative Procedure Act, to a review of the agency record. See Buras v. Board of Trustees of Police Pension Fund of City of New Orleans, 367 So.2d 849, 853 (La.1979) (holding that the provisions defining the nature and scope of judicial review under the APA do not authorize a trial de novo in a reviewing court; that review is confined to the record as established before the agency, and the reviewing court may not substitute its judgment for that of the administrative agency). In contrast, at a trial de novo in an administrative proceeding, the reviewing court is not limited to the record of the agency; it is free to make its own factual findings, exercise its own discretion and substitute its judgment for that of the administrative agency. Pardue v. Stephens, 558 So.2d 1149, 1161-1162 (La. App. 1st Cir.1989).
We believe that the provision requiring the trial court to conduct a de novo review is a remedial and procedural provision. Laws regulating the form of judicial proceedings are remedial laws. General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417, 420 (1953). A "remedial statute" has been defined as one which confers a remedy and a "remedy" as the means employed to enforce a right or redress an injury. Washington Nat. Ins. Co. v. McLemore, 163 So. 773, 775 (La.App. 2d Cir.1935). The amendment is remedial because it changes the form of the judicial review proceeding to be conducted in the trial court. The trial court is in effect exercising original jurisdiction conferred upon it by La. Const. art. 5, § 16(A). Additionally, the amendment relates to evidentiary matters that are procedural in nature. The change in the standard of review to be applied to DEQ decisions is analogous to a change in the burden of proof which a party must maintain in order to successfully prosecute his rights. It is well established that statutes which change the burden of proof are to be accorded retroactive application. See Ardoin v. Hartford Accident & Indemnity Co., 360 So.2d 1331, 1339 (La.1978); Succession of Sanders, 485 So.2d 126, 131 (La.App. 2d Cir.), writ denied, 487 So.2d 443 (La.1986); Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 182 (5th Cir.1990).
While the amendment does effectively enhance the aggrieved party's right of judicial review of adverse DEQ decisions, it does not thereby impair any vested rights. A right is "vested" when the right to enjoyment, present or prospective, *1130 has become the property of some particular person or persons as a present interest. It must be absolute, complete, unconditional, and independent of a contingency; the mere expectation of a future benefit or contingent interest in property does not create a vested right. Voelkel v. Harrison, 572 So.2d at 726. Various landowners, who intervened in the present proceedings, do not, contrary to their assertions, have any vested rights to the form of proceeding in which the favorable DEQ decision may be adjudicated. Nor does DEQ have any right to any particular form of judicial proceeding in which the validity of its determinations may be tested. Further, because the statute does not impair the right to judicial review of administrative decisions, it will not effect a change in the substantive law. Therefore, we conclude that the provision requiring the trial court to conduct a de novo review may be applied retroactively.[1]

CONCLUSION
Based on the foregoing, we hold that the 1990 amendment to La.R.S. 30:2024(A), vesting jurisdiction in the trial court to conduct a de novo review in a permit action, where DEQ has denied the applicant's request for a hearing, may be applied retroactively. Accordingly, we remand this case to the trial court and order it to conduct a trial de novo on DEQ's permit denial. Costs of this appeal are to be assessed by the trial court after the trial de novo in this matter.
REMANDED WITH ORDER
NOTES
[1] There is no constitutional impediment to the retroactive application of the changes brought about by the 1990 amendment. In Matter of American Waste & Pollution Control, 588 So.2d 367 (La.1991), the Louisiana Supreme Court made it clear that the legislature may vest judicial review of administrative agency decisions either in the district courts or the courts of appeal. The Court stated also that if the legislature were to decide that the district courts should review DEQ permit decisions, either de novo or on the agency record, that determination would be within the legislature's prerogative. Id. at 370-371.