791 So.2d 120 (2000)
Marie Elaine D'Amico RANSOME
v.
Al Jerome RANSOME.
No. 99 CW 1291.
Court of Appeal of Louisiana, First Circuit.
January 21, 2000.
Jude C. Bursavich, Darlene S. Ransome, J. Marvin Montgomery, Baton Rouge, Counsel for Applicant Al Jerome Ransome.
Daniel R. Atkinson, Sr., Baton Rouge, Counsel for Respondent Marie Elaine D'Amico Ransome.
Before: GONZALES, FITZSIMMONS, and WEIMER, JJ.
WEIMER, J.
This action commenced with a petition to recover damages for breach of contract and enforcement of a security agreement filed by Marie Elaine D'Amico Ransome against her former husband, Al Ransome, in the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana, on August 22, 1997. In response, Mr. Ransome filed an answer and reconventional demand, asserting the partition agreement executed by the parties following their divorce should be rescinded based upon lesion beyond moiety. Subsequently, Mr. Ransome filed a declinatory exception raising the objection of lack of subject matter jurisdiction, asserting the Family Court of East Baton Rouge Parish has exclusive jurisdiction.
On February 24, 1999, the trial court denied the exception stating, "under the facts of this case, that the 19th Judicial District Court has concurrent, if not exclusive, jurisdiction regarding the breach of contract and lesion actions set forth in the pleadings filed herein."[1]
*121 Upon review of Ms. Ransome's writ application, this court granted certiorari to determine whether the Nineteenth Judicial District Court or the Family Court of East Baton Rouge Parish has exclusive jurisdiction over actions for the settlement of claims involving community property agreements. We determine that although the Nineteenth Judicial District Court and the Family Court had concurrent jurisdiction when this matter was filed, recent legislation has vested exclusive jurisdiction in the Family Court.

FACTS
Al Jerome Ransome and Marie Elaine D'Amico Ransome were married on November 21, 1973. The parties were divorced by judgment of the Twenty-First Judicial District Court, Parish of Livingston, on January 27, 1993. On that same date, the parties executed a community property agreement settling and liquidating their community property. The agreement required Mr. Ransome to pay to Ms. Ransome $20,000.00 per month, tax free, for a period beginning January 1, 1994, through December 15, 2014. The agreement also contained default/acceleration provisions and provided for attorney fees. The agreement further required Mr. Ransome to execute a security agreement whereby he pledged to Ms. Ransome his stock certificates in Unemployment Compensation Control Systems, Inc., UCCS of Mississippi, Inc. and Compensation Specialties, Inc. On August 22, 1997, Ms. Ransome filed this action, alleging Mr. Ransome had breached the community property agreement.

DISCUSSION
The Louisiana Constitution of 1974 provides that family courts shall have jurisdiction as provided by law. LSA-Const. Art. 5, § 18.
Mr. Ransome contends the Family Court for the Parish of East Baton Rouge has exclusive jurisdiction over all community property partition matters arising as a result of divorce pursuant to LSA-R.S. 13:1401(A)(2). This provision, enacted in 1993, went into effect January 1, 1997. It provided:
A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
(1) All actions for divorce, annulment of marriages, claims for contributions made by one spouse to the education or training of the other spouse, establishment or disavowal of the paternity of children, spousal and child support, and custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering executory of spousal and child support, the issuance of writs of fieri facias and garnishment under Judgments of the court for spousal and child support and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the *122 parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge.
(2) All actions for partition of community property and for the settlement of claims arising from matrimonial regimes, when such actions arise as a result of divorce or annulment of marriage. The Nineteenth Judicial District Court for the parish of East Baton Rouge, however, shall have jurisdiction of proceedings involving partition of community property and the settlement of claims arising from matrimonial regimes when they do not arise as a result of divorce or annulment of marriage.
Additionally, LSA-R.S. 13:1415, added by 1997 La. Acts No. 35, § 3, provided in part:
In addition to other provisions of law providing jurisdiction to a family court, a family court in and for any parish of this state, if applicable, shall also be the court of record with exclusive jurisdiction in the following proceedings:
. . . .
(3) All actions between spouses or former spouses for the settlement and enforcement of claims arising from a matrimonial regime or the establishment thereof.
(4) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of the type of claims provided in this Section.
Any ambiguity created by the language in LSA-R.S. 13:1401(A)(2) and LSA-R.S. 13:1415(4), as those statutes formerly existed, was eliminated by the 1999 amendment to LSA-R.S. 13:1401 and the 1999 repeal of LSA-R.S. 13:1415. However, we find the language of the statutes prior to the 1999 enactments sufficient to support concurrent jurisdiction of the Family Court and the Nineteenth Judicial District Court.
In the 1999 Regular Session, the Legislature amended and reenacted LSA-R.S. 13:1401(A)(2)[2] to read as follows:
(a) All actions between spouses or former spouses for partition of community property and property acquired pursuant to a matrimonial regime.
(b) All actions for the termination or modification of a matrimonial regime.
(c) All actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof.
(d) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of claims provided in this Subsection.
In the same enactment, House Bill No. 760, the legislature repealed LSA-R.S. 13:1415 in its entirety. 1999 La. Acts No. 533, § 2.
The 1999 amendment emphasizes "all actions," whether between spouses or "former spouses," for the enforcement of a judicial or "contractual" settlement of claims shall be within the exclusive jurisdiction of the Family Court of East Baton Rouge Parish. Pursuant to LSA-R.S. *123 13:1401, any action for the enforcement of contractual agreements by former spouses, regardless of when the parties were divorced or when the marriage was annulled, is clearly within the adjudicative authority of the family court, as the language of LSA-R.S. 13:1401 has been expanded with respect to the family court's jurisdiction, and the exception with respect to the Nineteenth Judicial District Court has been eliminated.
The parties were divorced January 27, 1993. On that same date, they executed a community property agreement settling and liquidating the community property that had existed between them during marriage. It is clear to this court the partition agreement is incidental to their marriage and subsequent divorce. Because these matters involve actions between former spouses seeking enforcement of a contractual settlement of claims, the Family Court of East Baton Rouge Parish is the court of proper jurisdiction, despite the fact the claim is titled as an action for breach of contract, specific performance and damages. LSA-R.S. 13:1401(A)(2)(d).
Although our decision is dictated by the legislation, our holding gives deference to the intent of the legislature which obviously has been to expand the jurisdiction of the Family Court to provide one forum to resolve disputes between spouses or former spouses which involve issues related to their marriage.

CONCLUSION
For the foregoing reasons, the trial court's judgment of February 24, 1999, is hereby reversed,[3] and judgment is entered in favor of relator, Mr. Ransome, granting his declinatory exception raising the objection of lack of subject matter jurisdiction. We remand to the Nineteenth Judicial District Court to transfer this matter to the Family Court of East Baton Rouge Parish.
WRIT GRANTED; JUDGMENT REVERSED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] The original writ application in this matter was filed March 12, 1999. On May 20, 1999, this court issued a ruling of "writ not considered" for failure to Include a copy of the petition. That decision also provided that a new writ application could be filed within fourteen days of the ruling. The writ presently before this court was filed on May 28, 1999. On June 10, 1999, Judges Whipple, Gonzales, and Guidry granted a motion to stay the trial scheduled for June 14, 1999, "pending further orders of this Court." On July 8, 1999, Judges Whipple, Guidry, and Shortess maintained the stay stating, "A decision on this writ application will be held in abeyance pending a decision by this Court in 99 CA 0569, Verdin v. Verdin." (Verdin v. Verdin involved the same issue presented In this matter.) On October 18, 1999, on a joint motion to dismiss, the writ application in Verdin v. Verdin was dismissed by order of this court signed by Judge Pettigrew. That dismissal effectively dissolved the pending stay in this matter. Relator was then free to pursue his claim before the district court, but chose to seek a resolution by this court. The writ application was first called to this panel's attention on November 18, 1999, at which time this panel granted certiorari, ordered briefs, and set the matter for argument in preference to other cases in order to expeditiously resolve the issue presented.
[2] Because the amendment to LSA-R.S. 13:1401 is procedural in nature and this court has previously stated that laws which determine jurisdiction are procedural laws, those laws are afforded retroactive application. Jurisdictional provisions apply from the date of their promulgation, to all lawsuits, even those which bear upon facts of a prior date and to pending lawsuits. American Waste and Pollution Control Company v. State, Department of Environmental Quality, 597 So.2d 1125, 1128 (La.App. 1 Cir.), writs denied, 604 So.2d 1309, 604 So.2d. 1318 (1992). Applied retroactively, the amended and reenacted law will In no way divest either party to this litigation of a vested right. Both parties make seek redress in the Family Court for the Parish of East Baton Rouge.
[3] The decision by Judge Welch finding concurrent jurisdiction was correct when rendered. However, the legislative enactments subsequent to his decision require reversal.