b COOKS, Judge.
This is a community property partition action brought by Carmen Theresa Fruge Gerald (Carmen) for an order recognizing her as holding an interest in the monthly retirement benefit currently being paid to her former husband, Jefferson Donald Gerald (Donald), by the Louisiana State Employees’ Retirement System (LASERS).
Carmen and Donald were married on April 24, 1975. On May 19, 1993, Carmen filed a Petition for Divorce in the Family Court of East Baton Rouge Parish. A Judgment of Divorce was rendered by the Family Court on May 25, 1993. On June 30, 1993, a community property settlement agreement was signed by the parties partitioning the community of acquets and gains. At the time the community property settlement agreement was executed, Donald was a state employee and a participant in LASERS. There was no attempt by the parties to apportion their interest in the retirement plan. No further action was taken by either party regarding the community property settlement agreement from the date of its execution.
Carmen discovered that Donald retired in October, 1998, and initiated a proceeding in the Family Court of East Baton Rouge Parish seeking a judgment awarding her the full amount of her interest in the retirement plan. When the matter came before the Family Court Judge, on her own motion, the judge dismissed Carmen’s petition for lack of subject matter jurisdiction. Carmen then filed a Motion for New Trial, which was denied by the Family Court Judge.
After being “kicked out” of Family Court, Carmen filed essentially the same petition in the Nineteenth Judicial District Court in East Baton Rouge Parish. The District Judge, on his own motion, also dismissed Carmen’s suit for lack of subject matter jurisdiction. A judgment to that effect was signed on April 26,1999.
Carmen has appealed both the District Court’s and the Family Court’s dismissal of her suits for lack of subject matter jurisdiction. This appeal concerns the District | ¡.Court’s denial of jurisdiction.
ANALYSIS
The Louisiana Constitution of 1974 provides that family courts shall have jurisdiction as provided by law. La. Const. Art. 5, § 18. At the time of the filing of the petition in district court, La.R.S. 13:1401(A)(2) provided:
A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
(2) All actions for partition of community property and for the settlement of claims arising from matrimonial regimes, when such actions arise as a result of divorce or annulment of marriage. The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall have jurisdiction of proceedings involving partition of community property and the settlement of claims arising from matrimonial regimes when they do not arise as a result of divorce or annulment of marriage.
Additionally, La.R.S. 13:1415 provided as follows:
In addition to other provisions of law providing jurisdiction to a family court, a family court in and for any parish of this state, if applicable, shall also be the court of record with exclusive jurisdiction in the following proceedings:
(1) All actions between spouses or former spouses for partition of property acquired pursuant to a matrimonial regime.
(2) All actions seeking a termination or modification of a matrimonial regime.
*1243 (3) All actions between spouses or former spouses for the settlement and enforcement of claims arising from a matrimonial regime or the establishment thereof.
(4) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of the type of claims provided in this Section.
In the 1999 Regular Session, the Legislature amended and reenacted La.R.S. 13:1401(A)(2) as follows:
(2)(a) All actions between spouses or former spouses for partition of community property and property acquired pursuant to a matrimonial regime.
|s(b) All actions for the termination or modification of a matrimonial regime.
(c) All actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof.
(d) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of the type of claims provided in this Subsection.
In the same enactment, the Legislature repealed La.R.S. 13:1415 in its entirety. 1999 La. Acts No. 533, § 2.
In Ransome v. Ransome, 99-CW-1291 (La.App. 1 Cir. 1/21/00); — So.2d -, 2000 WL 233201, this court noted, “[a]ny ambiguity created by the language in LSA-R.S. 13:1401(A)(2) and LSA-R.S. 13:1415(4), as those statutes formerly existed, was eliminated by the 1999 amendment to LSA-R.S. 13:1401 and the 1999 repeal of LSA-R.S. 13:1415.” The court in Ransome also found because the amendment to R.S. 13:1401 is procedural in nature, it is afforded retroactive application. Jurisdictional provisions apply from the date of their promulgation to all lawsuits, even those which bear upon facts of a prior date and to pending lawsuits. Matter of American Waste and Pollution Control Co., 597 So.2d 1125 (La.App. 1 Cir.), writs denied, 604 So.2d 1309, 604 So.2d 1318 (La.1992).
The 1999 amendment emphasizes “all actions,” whether between spouses or “former spouses,” for partition of community property and property acquired pursuant to a matrimonial regime shall be within the exclusive jurisdiction of the Family Court of East Baton Rouge Parish. The exception with respect to the Nineteenth Judicial District Court has been eliminated. Because this matter involves an action between former spouses seeking partition of community property, the Family Court of East Baton Rouge Parish is the court of proper jurisdiction. Therefore, the district court did not err in dismissing Carmen’s suit for lack of subject matter jurisdiction.
^DECREE
For the foregoing reasons, the judgment of the Nineteenth Judicial District Court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
PICKETT, J., concurs.