STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0548

VCS, LLC

VERSUS

STATE OF LOUISIANA, LOUISIANA DEPARTMENT
OF ECONOMIC DEVELOPMENT, STATE OF LOUISIANA,
THE BOARD OF COMMERCE AND INDUSTRY
FOR THE STATE OF LOUISIANA, AND
THE LOUISIANA DEPARTMENT OF REVENUE

*Judgment Rendered:* NOV 0 9 2023

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C722999

The Honorable Donald R. Johnson, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Scott J. Sonnier<br>Brett Lala<br>New Orleans, Louisiana | Counsel for Plaintiff/Appellant<br>VCS, LLC |
| Debra Dauzat Morris<br>Antonio Ferachi<br>Miranda Y. Scroggins<br>Robyn Davis<br>Angelique Boyd<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Kevin Richard, Secretary of Louisiana<br>Department of Revenue |
| Drew M. Talbot<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellees<br>Louisiana Department of Economic<br>Development through Secretary, Don<br>Pierson, and Board of Commerce and<br>Industry for the State of Louisiana |

* * * * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**LANIER, J.**

In this appeal, plaintiff, VCS, LLC ("VCS"), challenges the trial court's judgment that granted several exceptions filed by the Louisiana Department of Revenue ("the Department"), dismissing the Department from the matter. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

VCS and the Board of Commerce and Industry for the State of Louisiana ("Board of Commerce") entered an Enterprise Zone contract ("the contract") in March 2012. The contract was part of the Enterprise Zone Program, administered by the State of Louisiana, Department of Economic Development ("LED") pursuant to La. R.S. 51:1781, *et seq.*, and LED regulations (La. Admin. Code tit. 13, pt. I, Ch. 7). Businesses who participate in the program are entitled to a refundable investment credit, and other incentives, for creating a minimum number of jobs within a specified period of time. See La. R.S. 51:1787. If the business fails to meet this requirement, all benefits received in accordance with the contract must be returned, with interest, to the governmental entity from which those benefits were obtained.

In 2014, VCS applied for and was granted an investment credit refund of $125,959.17 from the Louisiana Department of Revenue ("Department"). However, after reviewing the annual Employee Certificate Reports filed by VCS, as required by the Enterprise Zone Program, it was determined that VCS had not created the required number of jobs and, therefore, failed to satisfy the contract and program requirements. In August 2015, Joyce Metoyer, Program Administrator of the Enterprise Zone Program, informed VCS of these findings and that, as a result of its failure to create the required number of jobs, all rebates and credits were due back to the State of Louisiana, with interest. The Board of Commerce cancelled the contract with VCS in December 2015.

2

In November 2016, the Department issued a "Notice of Assessment and Notice of Right to Appeal to the Louisiana Board of Tax Appeals" to VCS to recoup the credit amount of $125,959.17, plus interest in the amount of $14,954.40, for a total due of $140,913.57. After an unsuccessful appeal to the Department, VSC filed a Petition for Redetermination of Assessment with the Board of Tax Appeals ("BTA") in January 2017, naming as defendants LED, the Board of Commerce, and the Department. VCS claimed LED used an incorrect method to determine whether it created the minimum required number of new jobs. According to VCS, the method employed by LED, as set forth in its regulations (La. Admin. Code tit. 13, pt. I, §703), was contrary to La. R.S. 51:1787, which established the minimum new job requirements. VCS sought rescission of the Department's assessment, arguing it was based on erroneous information from LED. VCS further prayed that (1) the BTA try the case and find no deficiencies in Louisiana corporation income tax, including interest, for the filing period December 31, 2013; (2) the BTA rule that the procedure LED used to determine the number of net new jobs created during the contract period does not comply with the plain language of La. R.S. 51:1787; (3) the BTA rule that the Board of Commerce erred in finding VCS did not meet the hiring requirement of La. R.S. 51:1787 and breached the contract by cancelling it without justification; and (4) the BTA order the Board of Commerce to reverse the cancellation of the Contract.

In response to VCS's petition, LED, the Board of Commerce, and the Department filed joint exceptions raising the objections of no right of action, no cause of action, and lack of subject matter jurisdiction. The parties argued that the BTA did not have jurisdiction to reach the merits of VCS's claim that LED failed to comply with La. R.S. 51:1787 in determining whether it satisfied the new job

3

creation requirement or to render judgment on VCS's breach of contract claims. They further asserted that the assessment was not the result of any decision made by the Department, which would put this matter under the purview of the BTA. Instead, the Department was simply following the statutory mandate that the state must be reimbursed for all rebates and credits received by the taxpayer if it fails to meet the requirements of the contract and Enterprise Zone Program. See La. R.S. 51:1787(I). After considering the arguments, the BTA overruled all of the exceptions as to the Department and also overruled the exceptions raising the objection of no cause of action and lack of subject matter jurisdiction as to the Board of Commerce and LED. However, the BTA sustained, in part, the exception raising the objection of no right of action as to the Board of Commerce and LED, dismissing, without prejudice, VCS's prayer that the BTA order the Board of Commerce to reinstate the contract.

The Board of Commerce and LED sought supervisory review with this court, which was granted as follows:

> **WRIT GRANTED.** The November 7, 2017, judgment of the Board of Tax Appeals (BTA) is reversed. The BTA erred in denying the exception of lack of subject matter jurisdiction filed by [LED] and the [Board of Commerce]. The BTA's jurisdiction, as provided in La. R.S. 47:1407, does not extend to permit the BTA to determine the merits of the contract dispute between VCS, LLC and Relators, particularly considering the tax assessment issued by the [Department] is a secondary issue contingent upon resolution of the contract dispute. See Article V, Sec. 16 of Louisiana Constitution and La. R.S. 13:5104. Therefore, the exception [raising] the objection of lack of subject matter jurisdiction filed by [LED] and the [Board of Commerce] is granted, and the claims asserted by VCS, LLC against these defendants are dismissed without prejudice.

**VCS, LLC v. Robinson**, 2018-0012 (La. App. 1 Cir. 5/14/18), 2018 WL 2202320.

In April 2022, the Department filed a motion for summary judgment in the BTA matter, which was opposed by VCS. On September 1, 2022, VCS filed a petition for breach of contract in the 19th Judicial District Court, naming the

4

Department, LED, and the Board of Commerce.[1] VCS sought a ruling from the trial court that (1) VCS was in compliance with the contract; (2) the Board of Commerce and LED had breached the contract by canceling it; (3) no refundable Investment Tax Credit was due back to the Department; (4) the Department should cancel the assessment of taxes or return any funds collected on the assessment; and (5) the Board of Commerce and LED should pay all legal fees and expenses incurred by VCS as a result of the breach of contract. On the same date, VCS filed an *ex parte* motion to stay the proceedings with the BTA pending the outcome of the breach of contract claim. In response to the breach of contract claim, the Department filed exceptions raising the objections of lack of subject matter jurisdiction and lis pendens. On December 26, 2022, the trial court signed a judgment, sustaining the Department's exceptions and dismissing the Department from this matter. From this judgment, VCS has appealed.[2]

## SUBJECT MATTER JURISDICTION

Subject matter jurisdiction is a threshold issue insofar as a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. See La. Code Civ. P. art. 3; **Citizens Against Multi-Chem v. Louisiana Dept. of Environmental Quality**, 2013-1416 (La. App. 1 Cir. 5/22/14), 145 So.3d 471, 474, writ denied, 2014-1464 (La. 10/10/14), 151 So.3d 586.

---

[1] According to the Department, a hearing on the motion for summary judgment was held before the BTA in August 2022, and the decision on the motion was pending when VCS filed its petition for breach of contract in the 19th Judicial District Court. However, we are unable to confirm this from the record before us.

[2] We note some discrepancy in the record concerning the exceptions filed by the Department in response to the petition for breach of contract. Although the pleading filed by the Department only references the objections of lack of subject matter jurisdiction and lis pendens, as does VCS's brief on appeal, both the minutes and the transcript of the hearing on the matter indicate that the court also considered an objection of no right of action. Moreover, while the judgment that forms the basis of this appeal sustains the exceptions filed by the Department, including the exception raising the objection no right of action, the trial court's written reasons for judgment make no mention of an exception raising the objection of no right of action. Nonetheless, because we find the trial court was correct in sustaining the Department's exception raising the objection of lack of subject matter jurisdiction, our analysis ends there, and we pretermit discussion of the lis pendens issue and any discussion of whether the objection of no right of action was properly before the trial court in this matter.

Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. Code Civ. P. art. 2. Subject matter jurisdiction cannot be waived or conferred by consent of the parties, and the lack thereof can be recognized by the court at any time, with or without formal exception. See La. Code Civ. P. arts. 3, 927(A)(8) and (B);[3] **Gross v. State through Louisiana Department of Revenue**, 2023-0142 (La. App. 1 Cir. 9/15/23), --- So.3d ---, ---, 2023 WL 6014144, *4. The trial court's determination of whether it has subject matter jurisdiction over a case is subject to *de novo* review. **Louisiana Environmental Action Network, Inc. v. Louisiana Department of Environmental Quality**, 2019-1551 (La. App. 1 Cir. 9/23/20), 314 So.3d 841, 848.

The district courts have exclusive original jurisdiction over most matters, and concurrent original jurisdiction with trial courts of limited jurisdiction. See La. Const. art. V. § 16. Article VII, §1 of the Louisiana Constitution vests the power of taxation in the legislature, and article VII, §3(A) mandates the legislature to "provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer." To fulfill its latter obligation, the legislature has provided three remedies: (1) the Claims Against the State procedure, La. R.S. 47:1481, *et seq.*; (2) the Payment Under Protest procedure, La. R.S. 47:1576, *et seq.*; and (3) the Overpayment Refund procedure, La. R.S. 47:1621, *et seq.* The legislature created the BTA to act as an appeal board to hear and decide disputes between a taxpayer and the collector of revenue. La. R.S. 47:1401. Moreover, pursuant to

---

[3] With the passage of 2023 La. Acts, No. 5, §§1 and 3 ("the Act"), the legislature has deleted the objection of lack of subject matter jurisdiction from the objections raised through a declinatory exception and added it to the list of peremptory exceptions found in La. Code Civ. P. art. 927. See La. Code Civ. P. art. 925, Official Revision Comments – 2023. The Act further amended and reenacted Article 927 to provide as follows: "Once the objection of the lack of subject matter jurisdiction is raised by the parties or noticed by the court on its own motion, the court shall address the objection before ruling on any other matter." See La. Code Civ. P. art. 927(B).

La. Const. art. V, §35, the BTA's jurisdiction may be extended "by a law enacted by a two-thirds vote of the elected members of each house of the legislature, to matters concerning the constitutionality of taxes, fees, or other matters related to its jurisdiction which jurisdiction may be concurrent with the district courts concerning such matters."

Pursuant to La. R.S. 47:1407, as amended,[4] the jurisdiction of the BTA is outlined as follows:

> (1) All matters relating to appeals for the redetermination of assessments, the determination of overpayments, payment under protest petitions, or other matters within its jurisdiction, as provided in R.S. 47:1431 through 1438 or other applicable law.

> (2) All matters relating to the waiver of penalties, as provided in R.S. 47:1451.

> (3)(a) All matters related to state or local taxes or fees.
> (b) All other jurisdiction otherwise provided by law, including jurisdiction concerning ad valorem taxes pursuant to Subtitle III of this Title, rules to cease business, ordinary collection suits, summary tax proceedings, rules to seek uniformity of interpretation of common sales and use tax law or local sales and use tax law, as provided in R.S. 47:337.101(A)(2), and petitions concerning the validity of a collector's rules, regulations, or private letter rulings, as provided in R.S. 47:337.102.

> (4) All matters relating to claims against the state, as provided in R.S. 47:1481 through 1486.

> (5) Incidental demands authorized by law in any action pending before the board in the same manner as in a district court pursuant to Code of Civil Procedure Article 1031.

> (6) All matters relating to appeals of administrative hearings, assessments, and refund denials by the Louisiana Sales and Use Tax Commission for Remote Sellers.

> (7) A petition for declaratory judgment or other action relating to any state or local tax or fee, concerning taxing districts and related proceeds, or relating to contracts related to tax matters; and including disputes related to the constitutionality of a law or ordinance or validity of a regulation concerning any related matter or concerning any state or local tax or fee.

---

[4] See La. R.S. 47:1407, as amended by Acts 2019, No. 365, §1, eff. Nov. 18, 2019; Acts 2020, No. 278, §1, eff. July 1, 2020; Acts 2021, No. 343, §1, eff. Jan. 1, 2022.

Thus, as provided by the statute, the BTA is granted jurisdiction over "[a]ll matters related to state or local taxes or fees" and "petition[s] for declaratory judgment or other action[s] relating to any state or local tax or fee ... or relating to contracts related to tax matters."

As previously indicated, VCS filed a petition for redetermination of assessment with the BTA against the Department, the Board of Commerce, and LED in January 2017, seeking a ruling that the Board of Commerce erred in finding that VCS breached the contract and an order that the Board of Commerce reverse the cancellation of the contract. At that time, La. R.S. 47:1407 provided that the jurisdiction of the BTA extended to the following:

> (1) All matters relating to appeals for the redetermination of assessments, or for the determination of overpayments, or payment under protest petitions, as provided in R.S. 47:1431 through 1438.
>
> (2) All matters relating to the waiver of penalties, as provided in R.S. 47:1451.
>
> (3) All matters related to other jurisdiction otherwise provided by law, including rules to seek uniformity of interpretation of common sales and use tax law or local sales and use tax law, as provided in R.S. 47:337.101(A)(2).
>
> (4) All matters relating to claims against the state, as provided in R.S. 47:1481 through 47:1486.
>
> (5) Incidental demands authorized by law in any action pending before the board in the same manner as in a district court pursuant to Code of Civil Procedure Article 1031.

Thus, in 2017, the BTA's jurisdiction did not extend to the merits of the contract dispute at issue herein. See VCS, LLC v. Robinson, et al., 2018-0012 (La. App. 1 Cir. 5/14/18), 2018 WL 2202320 at *1. However, La. R.S. 47:1407 was subsequently amended to vest subject matter jurisdiction with the BTA over "[a]ll matters related to state or local taxes or fees" and "petition[s] for declaratory judgment or other action[s] relating to any state or local tax or fee ... or relating to contracts related to tax matters."

8

Because this court has previously stated that laws determining jurisdiction are procedural, we find the amendments to La. R.S. 47:1407 are procedural in nature and must be afforded retroactive application. See **Ransome v. Ransome**, 99-1291 (La. App. 1 Cir. 1/21/00), 791 So.2d 120, 122 n.2. Additionally, jurisdictional provisions apply from the date of their promulgation, to all lawsuits, even those that bear upon facts of a prior date and to pending lawsuits. *Id*; **American Waste and Pollution Control Company v. State, Department of Environmental Quality**, 597 So.2d 1125, 1128-1129 (La. App. 1 Cir.), writs denied, 604 So.2d 1309, 1318 (1992). The amended statute vests exclusive subject matter jurisdiction for matters such as those brought by VCS with the BTA. See **Gross**, 2023 WL 6014144 at *6.

## DECREE

For the reasons set forth herein, the trial court's December 26, 2022 judgment is affirmed. All costs associated with this appeal are assessed against plaintiff/appellant, VCS, LLC.

**AFFIRMED.**