PER CURIAM
|2The relators, an engineer and his engineering firm, seek supervisory review .of the denial of their motion for summary judgment filed with the Louisiana Ethics Adjudicatory Board. Concluding that the relators’ remedy is not a supervisory writ, but an appeal as directed in La. R.S. 42:1142, we grant the writ for the limited purpose of remanding this matter to the Louisiana Ethics Adjudicatory Board with instruction to grant relators an ■ appeal.
PERTINENT FACTS AND PROCEDURAL HISTORY
In November 2015 the Louisiana Board of Ethics (Ethics. Board) voted to file charges against the relators, C.J. Savoie Consulting Engineers, Inc. and Clarence Savoie, II (sometimes collectively, Savoie Engineers), with the Louisiana Ethics Adjudicatory Board (EAB), the administrative body charged with conducting a hearing on the charges. The Ethics Board charged that .Savoie Engineers violated conflict of interest laws while serving as Parish Engineer for St. John the Baptist Parish (sometimes, St. John .Parish). Particularly, the Ethics Board charged that Savoie Engineers, violated La. R.S. 42:1112(A) and La. R.S. 42:1113(A)(l)(a)[1] in that Savoie was a “public employee” as defined in La. R.S. 42:1102(18).[2]
*1248 Un June 2016 Savoie Engineers filed a “Motion and Memorandum in Support of a Summary Judgment” as allowed under Louisiana Administrative Code (LAC) § 52:1.1102 as a prehearing motion in the proceeding begun by the Ethics Board.[3] Primarily, Savoie Engineers alleged that they are not public employees and that they were an independent contractor working under contracts for professional services. The Ethics Board opposed the motion.
The motion for summary judgment came for hearing before the EAB on August 4, 2016. The EAB took the motion under advisement, and in November 2016, the EAB rendered and transmitted a written “Order Denying Motion for Summary Judgment.”
On November 29, Savoie Engineers timely filed a notice of intent to file supervisory writs. The EAB set a return date of January 20, 2017. Savoie REngineers timely filed their writ application in which they raise three assignments of error:
1.The EAB erred as a matter of law when it held that the [Ethics Board’s] conclusory evidence contradicted Sa-voie’s affidavit evidence that certain services provided by Savoie to St. John Parish are not “governmental functions” that St. John Parish is required by law to provide for the benefit of the public.
2. The EAB erred as a matter of law when it held that the [Ethics Board’s] conclusory evidence contradicted Sa-voie’s affidavit evidence that Savoie did not provide professional engineering services under the “supervision or authority” of elected officials or other employees of St. John Parish.
3. The EAB erred as a matter of law when it held that the [Ethics Board’s] conclusory evidence contradicted Sa-voie’s affidavit evidence that Savoie did not perform “governmental functions” that the Public Bid Law requires St. John Parish to perform for the benefit of the public.
DISCUSSION
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. McGehee v. City/Parish of East Baton Rouge, 00-1058 (La. App. 1 *1249 Cir. 9/12/01), 809 So.2d 258, 260. Here, both parties argue that the Louisiana Code of Civil Procedure governs the review of the motion for summary judgment at issue. EAB decisions are reviewed in accordance with the Louisiana Administrative Procedure Act (LAPA). “The LAPA was not intended to supersede the more specific provisions of other administrative acts[.]” Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd., 01-0185 (La. 10/16/01), 797 So.2d 656, 662; Corbello v. Sutton, 446 So.2d 301, 303 (La. 1984). “Rather, it was intended to create procedures in those instances where none exist.” Metro Riverboat, 797 So.2d at 662.
However, Part III of Chapter 15 of Title 42 of the Louisiana general statutes, La. R.S. 42:1132 et seq., the Code of Governmental Ethics, set out the specific provisions that govern the Ethics Board and the EAB. Particularly, La. R.S. 42:1142, entitled “Appeals,” governs review of actions taken by the EAB. This | (¡statute was amended by Acts 2012, No. 607, § 1, eff. June 7, 2012, to provide, in pertinent part, as follows:
A. (1) Whenever action is taken against any public servant or person by order of the Board of Ethics, or panel thereof, or by a final decision of the Ethics Adjudicatory Board, or by an agency head by order of the Board of Ethics, or panel thereof, or by a final decision of the Ethics Adjudicatory Board, or whenever any public servant or person is aggrieved by any action taken by the Board of Ethics, or panel thereof, or the Ethics Adjudicatory Board, he may appeal to the Court of Appeal, First Circuit. (Emphasis added.)
While this statute does not specifically address preliminary, procedural, or intermediate actions, the version of the statute immediately preceding did. Acts 2008, 1st Ex. Sess. No. 24, § 1, eff. March 14, 2008, which is no longer in effect, provided, in pertinent part, as follows:
A. Whenever action is taken against any public servant or person by the board or panel or by an agency head by order of the board or panel, or whenever any public servant or person is aggrieved by any action taken by the board or panel, he may appeal therefrom to the Court of Appeal, First Circuit, if application to the board is made within thirty days after the decision of the board becomes final. Any refusal by the board or panel to issue a declaratory opinion or any preliminary, procedural, or intermediate action or ruling by the board or panel is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution of Louisiana. The Court of Appeal, First Circuit, shall promulgate rules of procedure to be followed in taking and lodging such appeals. (Emphasis added.)
The language of this prior version appears to conflate appellate and supervisory jurisdiction. Even so, it arguably afforded supervisory review of preliminary or intermediate actions, which would normally include a ruling that denies a motion for summary judgment.
In any event, the present version of La. R.S. 42:1142 provides that when any person is aggrieved by any action, he may appeal to this court. “The legislature is presumed to have enacted an article or statute in light of the preceding law involving the same subject matter and court decisions construing those articles or statutes, and where the new article or statute is worded differently from the preceding law, the legislature is presumed to have intended to change the law.” La. RR.S. 24:177(C). Here, the current version of La. R.S. 42:1142 removes all reference to supervisory review of preliminary’, procedur *1250 al, or intermediate actions by the EAB and has expanded the right of appeal. ■
As to which Ethics Board or EAB “actions” are appealable under the current version of La. R.S. 42:1142(A), the Code of Governmental Ethics at La.' R.S. 42:1102(l)(a) provides a pertinent definition for an “Action of a governmental entity,” [4] as follows:
Action of a governmental- entity’ means any action on the part of a governmental entity or agency thereof including, but not limited to:
(a) Any decision, determination, finding, ruling, or order, including the judgment or verdict of a court or a quasi-judicial board, in which the governmental entity or any of - its agencies has an interest, except in such matters involving criminal prosecutions.
The ■ EAB’s decision at issue here that denied Savoie Engineers’ motion for summary judgment ■ clearly falls -within this definition.[5]
Even so, Savoie Engineers cite La. R.S. 42:1143 as authority, for this- court- to employ the procedures of the LAPA. This statute provides as follows: “Except as jjotherwise provided in this- Chapter, all-proceedings conducted by the board or panel shall be subject to and in accordance with the Administrative Procedure Act.” (Emphasis added.) Savoie Engineers then point to 'judicial review as afforded- under La. R.S. 49:964.
We note, however, that the statute immediately preceding La. R.S. 42:1143, La. R.S.. 42:1142, provides otherwise. As set *1251 out above, any person aggrieved by any action by- the EAB or Ethics Board- may appeal the decision.
Also, while the LAPA, particularly La. R.S. 49:964, entitled “Judicial review of adjudication,” allows for immediate judicial review of a “preliminary, procedural, or intermediate agency action or ruling ... if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury,”[6] such filings are commenced and heard in the district court.[7] This statute provides no direct recourse to the court of appeal. Further, La. R.S. 49:964(G)(6) requires the district court to “make its own determination and conclusions of fact by . a preponderance of evidence[.]” Such standard is inapposite to the requirement on summary judgment that there be “no genuine issue as to material fact” before such judgment can be rendered. See La. C.C.P. art. 966(A)(3).
Accordingly, Savoie Engineers is not entitled to supervisory review; but the Legislature has given them a right to appellate review of the denial of" a motion for summary judgment by the EAB. In this regard, we note that there are instances where the law affords’ appellate review of interlocutory rulings. For instance, appeals can be taken in connection with rulings on preliminary injunctions. La. C.C.P. art. 3612. Also, La. R.S. 51:134 and 135 allow an appeal of rulings on exceptions and interlocutory judgments in antitrust and monopoly cases.
J^DECREE
Because the relators, C.J. Savoie Consulting Engineers, Inc. and Clarence Sa-voie, II, are aggrieved'by an action of the Louisiana Ethics Adjudicatory Board by its denial of their motion for summary judgment, they are entitled to an appeal. La. R.S. 42:1142. The writ is granted for the limited purpose of remanding this matter to the Louisiana Ethics Adjudicatory Board with instruction to grant relators an appeal pursuant to their Notice of Intent to Apply for Writs of Certiorari, which was filed on November 29, 2016. See In Re Howard, 541 So.2d 195, 197 (La. 1989) (per curiam). Additionally, a copy of this court’s opinion is to be included in the appellate record.
WRIT GRANTED WITH ORDER

. Louisiana Revised Statutes 42:1112(A) provides, as follows:
No public.servant, except as provided in R.S. 42:1120, shall participate in a transaction in which he has a personal substantial economic interest of which he may be reasonably expected to know involving the governmental entity.
Louisiana Revised Statutes 42: i'l 13(A)(1)(a) provides, as follows:
No public servant, excluding any legislator and any appointed member of any board or commission and any member of a governing authority of a parish with a population of ten thousand or less, or member of such a public servant’s immediate family, or legal entity in which he has a controlling interest shall bid on or enter into any contract, subcontract, or other transaction that is under the supervision or jurisdiction of the agency of such public servant.

. Louisiana Revised Statutes 42:1102(18) provides, as follows:
(a) "Public employee” means anyone, whether compensated or not, who is:
(i) An administrative officer or official of a governmental entity who is not filling an elective office,
(ii) Appointed by any elected official when acting in an official capacity, and the appointment is to a post or position wherein the. appointee is to serve the governmental entity or an agency thereof, either as a member of an agency, or as an employee thereof.
(iii) Engaged in the performance of a governmental function.
(iv) Under the supervision or authority of an elected official or another employee of the governmental entity.
*1248 (b) However, "public employee” shall not mean a person whose public service is limited to the following:
(i) Periodic duty in the National Guard pursuant to 32 U.S.C. 502.
(ii) A contract to provide attest services as a certified public accountant.
(c) A public employee shall be in such status on days on which he performs no services as well as days on which he performs services. The termination of any particular term of employment of a public employee shall take effect on the day the termination is clearly evidenced.

. Louisiana Admin. Code, Tit. 52, pt. I, § 1102, entitled “Motions and Exceptions,” provides, as follows:
A. Motions and exceptions may be made before, during, or after a public hearing.
B. Motions and exceptions made before or after the public hearing shall be filed with the appropriate panel of the Ethics Adjudicatory Board. Contradictory motions and exceptions shall be accompanied by a memorandum which shall set forth a concise statement of the grounds upon which the relief sought is based and the legal authority therefore.
C.A motion for summary judgment may be filed by either the respondent or the trial attorney(s)[.]
Louisiana Admin. Code. Tit. 52, pt. I, § 1102, was promulgated pursuant to the Code of Governmental Ethics, particularly La. R.S. 42:1134. La. R.S. 42:1134(A) provides, in pertinent part:
(1) The Board of Ethics may adopt, amend, repeal, and enforce rules and regulations in the manner provided by the Administrative Procedure Act to carry out the provisions and purposes of this Chapter and any other law within its jurisdiction.

. The full definition of “Action of a governmental entity” in La. R.S. 42:1102 is as follows:
Unless the context clearly indicates otherwise, the following words and terms, when used in this Chapter, shall have the following meanings:
(1) "Action of a governmental entity”means any action on the part of a governmental entity or agency thereof including, but not limited to:
(a) Any decision, determination, finding, ruling, or order, including the judgment or verdict of a court or a quasi-judicial board, in which the gpvernmental entity or any of its agencies has an interest, except in such matters involving criminal prosecutions,
(b) Any grant, payment, award, license, contract, transaction, decision, sanction, or approval, or the denial thereof, or the failure to act with respect thereto; and in which the governmental entity or any of its -agencies has an interest, except in matters involving criminal prosecutions.
(c) As the term relates to a public servant of the state, any disposition of any matter by the legislature or any committee thereof; and as the term relates to ¿ public servant of a political subdivision, any disposition of any matter by the governing authority or any committee thereof.

. In Metro Riverboat the supreme court observed that a statute granting appeals from any decision made by a board, at any point, in any proceeding would produce absurd results and raise constitutional separation of powers, issues. Metro Riverboat, 797 So.2d at 661. The supreme court held, however, that since the Louisiana Gaming Control Law was applied and enforced through the LAPA, the LAPA governed which decisions were appeal-able. The supreme .court concluded that only "a final decision or order of the board in an adjudication proceeding" was appealable under the LAPA; therefore, only adjudicated final decisions of the Gaming Control Boárd , were appealable. Metro Riverboat, 797 So.2d at 662.
Here, hearings before the EAB are governed under the Code of Governmental Ethics, La. R.S. 42:1141 et seq. which unlike the , LAPA, does not limit appeals to final decisions of the Ethics Board or the EAB. The actions that are appealable under the Code of Governmental Ethics are defined in La. R.S. 42:1102, The EAB decision under review is the result of an adjudication- proceeding. We do not here establish the parameters for which Ethics Board and EAB actions are ap-pealable since this issue has not been raised by any party, We observe, however, that the EAB decision under review here is appealable following the rationale of Metro Riverboat.

. La. R.S, 49:964(A)(1).

. La. R.S. 49:964(B).