STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0142

SARAH GROSS, INDIVIDUALLY AND ON BEHALF OF THE CLASS

VERSUS

STATE OF LOUISIANA THROUGH THE LOUISIANA DEPARTMENT
OF REVENUE, AND KIMBERLY L. ROBINSON, SECRETARY,
LOUISIANA DEPARTMENT OF REVENUE

*Judgment Rendered:* **SEP 1 5 2023**

********

19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C651320

The Honorable Wilson E. Fields, Judge Presiding

********

| | |
|---|---|
| Lawrence J. Centola, III<br>Jason Z. Landry<br>New Orleans, Louisiana<br>and<br>G. Brice Jones<br>Slidell, Louisiana | Counsel for Plaintiffs/Appellees<br>Sarah Gross (Putative Class Plaintiffs) |
| Christopher K. Jones<br>Sydnee D. Menou<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant<br>Louisiana Department of Revenue &<br>Kevin Richard, as Successor to Kimberly<br>Robinson, as Secretary for the<br>Louisiana Department of Revenue |

Chutz, J Concurs

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**LANIER, J.**

The Louisiana Department of Revenue, Kevin Richard, as successor to Kimberly Robertson, Secretary, Louisiana Department of Revenue ("the Department"), seek review of the district court's judgment certifying a class action, represented by plaintiff, Sarah Gross, despite the absence of subject matter jurisdiction over the claims and Ms. Gross' failure to establish that the criteria of La. Code Civ. P. art. 591 have been met. Because we find the district court was without subject matter jurisdiction, we vacate the judgment and dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

In March 2015, Ms. Gross contracted with a solar panel company to purchase and install a solar energy system ("System") at a price of $25,000.00. According to Ms. Gross, she was incentivized by the solar energy systems tax credit ("solar tax credit") afforded in La. R.S. 47:6030, which was in effect at the time she installed her System. At the time Ms. Gross installed her System, La. R.S. 47:6030(B)(1) allowed a solar tax credit for the purchase of a System equal to fifty percent of the first $25,000.00 of the cost of a System provided the System was purchased and installed between January 1, 2008, and January 1, 2018.

In the 2015 Regular Session, the Legislature amended La. R.S. 47:6030, placing caps on the total recoverable amount of solar tax credits available to all qualified taxpayers to be awarded as follows: (1) a maximum of $10 million for solar tax credits claimed on tax returns filed on or after July 1, 2015, and before July 1, 2016; (2) a maximum of $10 million for solar tax credits claimed on tax returns filed on or after July 1, 2016, and before July 1, 2017; and (3) a maximum of $5 million for solar tax credits claimed on tax returns filed on or after July 1, 2017. See La. R.S. 47:6030, as amended by 2015 La. Acts, No. 131, §1 ("Act 131"). Act 131 further provided that the grant of credits was to be done on a first-come, first-served basis.

2

In early 2016, Ms. Gross submitted her 2015 tax return seeking a solar tax credit for the System. On July 1, 2016, the Department announced that for the fiscal year 2015-2016, it had exceeded the $10 million cap on solar tax credits by $14 million. On July 18, 2016, the Department notified Ms. Gross that prior to the receipt of her application, the cap limits were met for both the 2015-2016 and 2016-2017 fiscal years. Ms. Gross was further notified that her solar tax credit was being reviewed for the 2017-2018 fiscal year, which had a cap of $5 million. On August 25, 2016, Ms. Gross was notified that her claim had priority status for the 2017-2018 fiscal year and that her 2015 tax return would be processed without the application of the solar tax credit. Further, the Department informed Ms. Gross that the 2017-2018 fiscal year credit would be applied to her account and that any resulting refund would be issued between August 15, 2017, and September 30, 2017.

On September 12, 2016, Ms. Gross, individually and as a representative of the proposed class, filed a class action petition in the 19th Judicial District Court naming the Department as a defendant. Ms. Gross alleged that under the version of La. R.S. 47:6030 applicable at the time her System was purchased and installed, she obtained a vested right to a solar tax credit up to $12,500.00. Ms. Gross alleged that the amended statute, which was made effective on June 19, 2015, was a substantive law modifying and destroying Ms. Gross' vested right to a solar tax credit for the System she purchased and installed. Alleging that this legislative action was unconstitutional and in violation of her due process rights under the state and federal constitutions, Ms. Gross sought a declaration that the retroactive application of the statute, as amended by Act 131, was unconstitutional. Ms. Gross sought recovery of the full amount of the solar tax credit of $12,500.00, plus interest, consequential damages due to the delay and/or denial of the solar tax credit, and attorney fees and costs.

Ms. Gross, on behalf of the purported class, also made the following allegations: (1) there were over 1,500 affected taxpayers who purchased and installed Systems prior to the effective date of the amendment to La. R.S. 47:6030; (2) there were common issues of law and fact; (3) the claims of Ms. Gross were typical of the claims of the purported class; (4) she would fairly and adequately represent the class; and (5) that a class action procedure was the superior method for the fair and efficient adjudication of the claims asserted.

On the same day Ms. Gross filed the petition, she also filed a motion for class certification and propounded discovery. In her motion for class certification, Ms. Gross defined the proposed class as follows:

> All persons who purchased and installed a solar electric system at a Louisiana residence in compliance with all of the requirements set forth in La. R.S. 47:6030 prior to June 19, 2015 (the "Purchase"), the effective date of the Louisiana Legislature's passage of Act 131 during the 2015 Regular Session amending La. R.S. 47:6030, who thereby obtained a vested right to a solar energy system tax credit as a result of said Purchase and who: (a) filed a tax return, otherwise complied with the tax credit application requirements set forth in La. R.S. 47:6030, and had any portion of their Purchase-related tax credit(s) withheld or denied; or (b) who timely file[d] a tax return after the filing of this petition and otherwise complied with the tax credit application requirements set forth in La. R.S. 47:6030, and who have any portion of their Purchase-related tax credit(s) withheld or denied.

The Department opposed the motion for class certification and separately filed multiple exceptions challenging Ms. Gross' petition on the basis of prematurity, vagueness, no right of action, no cause of action, and lack of subject matter jurisdiction. Following hearings on the exceptions, the district court denied the exceptions raising the objections of vagueness, no right of action, and no cause of action. The exceptions raising the objections of prematurity and lack of subject matter jurisdiction were granted as to Ms. Gross' claim for payment of the solar tax credit but denied as to her remaining claims. Thereafter, on April 25, 2017, the district court granted Ms. Gross' motion for class certification.

The district court's April 25, 2017 judgment was subsequently vacated based on this court's ruling in **Ulrich v. Robinson**, 2017-1119 (La. App. 1 Cir. 11/1/18), 265 So.3d 108, 115-116 ("**Ulrich I**"). **Gross v. State Through Louisiana Department of Revenue**, 2017-0572 (La. App. 1 Cir. 2/28/19), 273 So.3d 350, 356 ("**Gross I**"). Specifically at issue in **Ulrich I** was class certification of those individuals who were denied the solar tax credit pursuant to La. R.S. 47:6030. On appeal, this court determined that while putative class members appealed their respective claims to the Board of Tax Appeals ("BTA") within the appropriate time period, the record was devoid as to whether the other purported class members appealed to the BTA, making it unclear if each purported class member had standing in the action. **Ulrich I**, 265 So.3d at 115. Thus, we reversed the district court's certification of the class and remanded for further proceedings. **Ulrich I**, 265 So.3d at 116. Similarly, in **Gross I**, this court remanded the matter for a determination of whether certification of a more restricted class may be appropriate, noting that Ms. Gross could not represent the individuals whose claims were denied and who did not seek review with the BTA. **Gross I**, 273 So.3d at 356-357.

Subsequently, following our remand in **Ulrich I**, that matter continued in the district court on the matters of the constitutionality of Act 131, as well as the Department's exceptions raising the objections of no right of action and mootness. The district court granted the taxpayers' petition for declaratory judgment and declared Act 131 unconstitutional because it retroactively deprived the taxpayers of a vested property right. The court implicitly found the taxpayers had standing to bring the constitutional claim and a justiciable controversy existed because the constitutional issue was not moot. The Department sought a direct appeal to the Louisiana Supreme Court. **Ulrich v. Robinson**, 2018-0534 (La. 3/26/19), 282 So.3d 180, 184-185 ("**Ulrich II**").

5

The Louisiana Supreme Court reversed, holding that the district court erred in overruling the Department's exception raising the objection of mootness that was filed based on a statutory amendment that cured the alleged constitutional issue and rendered the instant controversy moot. Specifically, in 2017, the Louisiana Legislature enacted 2017 La. Acts, No. 413, §1, which provided additional funding for solar tax credits ("Act 413"). The court held Act 413 remediated the alleged unconstitutional aspect of Act 131, *i.e.*, the taxpayers' claim that imposition of the aggregate cap eliminated their right to receive solar tax credits by providing for full repayment of the solar tax credits, albeit over a three- or four-year period. The court found that there was no doubt that Act 413 corrected or cured the condition of which the taxpayers complained, the deprivation of the solar tax credits by virtue of the cap imposed in Act 131, because Act 413 mandated payment of the "full amount of the credit" to "any taxpayer whose claim for a credit was denied."[1] **Ulrich II**, 282 So.3d at 187-188.

Following the supreme court's ruling in **Ulrich II**, the Department in the instant case sought dismissal of Ms. Gross' petition by filing a motion for summary judgment on the basis of mootness. The district court denied the motion, and this court denied the Department's application for supervisory review.[2] Thereafter, the Department again unsuccessfully challenged the subject matter jurisdiction of the court.

In January 2022, Ms. Gross filed an amended class action petition seeking consequential damages suffered due to the "deferred or delayed payment" caused by Act 131 including statutory interest, costs, and attorney fees, as well as a

---

[1] See La. R.S. 47:6030, as amended by Act 413.

[2] After requesting briefing on the writ, this court denied the writ in a 2-1 vote. Judge McDonald dissented, noting "Due to the passage of [Act 413] [Ms. Gross'] demand for payment of her tax credit under the Louisiana Solar Energy Systems Tax Credit is now moot, and she is not otherwise entitled to receive consequential damages." **Gross v. State through Louisiana Department of Revenue**, 2019-1536 (La. App. 1 Cir. 7/6/20) 2020 WL 3638783 (unpublished writ action), <u>writ denied</u>, 2020-00965 (La. 11/4/20), 303 So.3d 642.

declaratory judgment as to the unconstitutionality of Act 131 and the retroactive application of La. R.S. 47:6030 as amended by Act 131. Thereafter, the matter proceeded to hearing on December 5, 2022, on Ms. Gross' amended motion for class certification, at which time the Department again challenged the district court's subject matter jurisdiction, noting that as amended in 2019, 2020, and 2021, La. R.S. 47:1407 vests subject matter jurisdiction exclusively with the BTA over any constitutional challenge of a tax statute. After considering the evidence introduced by the parties and hearing the argument of counsel, the district court granted the motion to certify, designating Ms. Gross as the class representative and certifying the following defined class:

> All Louisiana taxpayers who purchased and installed a solar electric system at a Louisiana residence in compliance with all of the requirements set forth in La. R.S. 47:6030 prior to June 19, 2015 (the "Purchase"), the effective date of the Louisiana Legislature's passage of Act 131 during the 2015 Regular Session amending La. R.S. 47:6030, who had the payment of any portion of their Purchase-related tax credit(s) withheld, delayed or deferred. Excluded from this Class are all Louisiana taxpayers whose solar electric system tax credit was denied and filed an appeal of that denial before the [BTA], and also those whose solar electric system tax credit was denied and did not file an appeal of that denial before the [BTA].

The district court signed a judgment on December 19, 2022, in accordance with its findings. It is from this judgment that the Department has appealed, arguing that the district court was divested of subject matter jurisdiction by operation of La. R.S. 47:1407, as amended, and that Ms. Gross failed to satisfy her burden of proof on the essential elements of both La. Code Civ. P. art. 591(A) and (B) regarding class certification.[3]

## SUBJECT MATTER JURISDICTION

Subject matter jurisdiction is a threshold issue insofar as a judgment rendered by a court that has no jurisdiction over the subject matter of the action or

---

[3] Because we find the district court lacked subject matter jurisdiction to consider Ms. Gross' claims herein, we do not reach the merits of the issues concerning the class certification.

proceeding is void. See La. Code Civ. P. art. 3; **Citizens Against Multi-Chem v. Louisiana Dept. of Environmental Quality**, 2013-1416 (La. App. 1 Cir. 5/22/14), 145 So.3d 471, 474, writ denied, 2014-1464 (La. 10/10/14), 151 So.3d 586. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. Code Civ. P. art. 2. Subject matter jurisdiction cannot be waived or conferred by consent of the parties, and the lack thereof can be recognized by the court at any time, with or without formal exception.[4] See La. Code Civ. P. arts. 3, 927(A)(8) and (B).[5] **IberiaBank v. Live Oak Circle Development, L.L.C.**, 2012-1636 (La. App. 1 Cir. 5/13/13), 118 So.3d 27, 30.

The district courts have exclusive original jurisdiction over most matters, and concurrent original jurisdiction with trial courts of limited jurisdiction. See La. Const. art. V, § 16. Article VII, §1 of the Louisiana Constitution vests the power of taxation in the legislature, and article VII, §3(A) mandates the legislature to "provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer." To fulfill its latter obligation, the legislature has provided three remedies: (1) the Claims Against the State procedure, La. R.S. 47:1481, *et seq.*; (2) the Payment Under Protest procedure, La. R.S. 47:1576, *et seq.*; and (3)

---

[4] We find no merit to Ms. Gross' argument that the Department's appeal should be limited to whether her claim was properly certified as a class action by the district court. Appellate courts have the duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. **Board of Ethics in Matter of Savoie**, 2017-0077 (La. App. 1 Cir. 8/7/17), 224 So.3d 1246, 1248-1249. Moreover, as previously noted, at the hearing on the amended motion to certify the class before the district court below, the Department did in fact raise the issue of the amendments to La. R.S. 47:1407 as they related to subject matter jurisdiction.

[5] With the passage of 2023 La. Acts, No. 5, §§1 and 3 ("the Act"), the legislature has deleted the objection of lack of subject matter jurisdiction from the objections raised through a declinatory exception and added it to the list of peremptory exceptions found in La. Code Civ. P. art. 927. See La. Code Civ. P. art. 925, Official Revision Comments – 2023. The Act further amended and reenacted Article 927 to provide as follows: "Once the objection of the lack of subject matter jurisdiction is raised by the parties or noticed by the court on its own motion, the court shall address the objection before ruling on any other matter." See La. Code Civ. P. art. 927(B).

the Overpayment Refund procedure, La. R.S. 47:1621, *et seq.* The legislature created the BTA to act as an appeal board to hear and decide disputes between a taxpayer and the collector of revenue. La. R.S. 47:1401. Moreover, pursuant to La. Const. art. V, §35, the BTA's jurisdiction may be extended "by a law enacted by a two-thirds vote of the elected members of each house of the legislature, to matters concerning the constitutionality of taxes, fees, or other matters related to its jurisdiction which jurisdiction may be concurrent with the district courts concerning such matters."

Pursuant to La. R.S. 47:1407, as amended, the jurisdiction of the BTA is outlined as follows:

(1) All matters relating to appeals for the redetermination of assessments, the determination of overpayments, payment under protest petitions, or other matters within its jurisdiction, as provided in R.S. 47:1431 through 1438 or other applicable law.

(2) All matters relating to the waiver of penalties, as provided in R.S. 47:1451.

(3)(a) All matters related to state or local taxes or fees.
(b) All other jurisdiction otherwise provided by law, including jurisdiction concerning ad valorem taxes pursuant to Subtitle III of this Title, rules to cease business, ordinary collection suits, summary tax proceedings, rules to seek uniformity of interpretation of common sales and use tax law or local sales and use tax law, as provided in R.S. 47:337.101(A)(2), and petitions concerning the validity of a collector's rules, regulations, or private letter rulings, as provided in R.S. 47:337.102.

(4) All matters relating to claims against the state, as provided in R.S. 47:1481 through 1486.

(5) Incidental demands authorized by law in any action pending before the board in the same manner as in a district court pursuant to Code of Civil Procedure Article 1031.

(6) All matters relating to appeals of administrative hearings, assessments, and refund denials by the Louisiana Sales and Use Tax Commission for Remote Sellers.

(7) A petition for declaratory judgment or other action relating to any state or local tax or fee, concerning taxing districts and related

9

proceeds, or relating to contracts related to tax matters; and including disputes related to the constitutionality of a law or ordinance or validity of a regulation concerning any related matter or concerning any state or local tax or fee.

La. R.S. 47:1407 (as amended by Acts 2019, No. 365, §1, eff. Nov. 18, 2019; Acts 2020, No. 278, §1, eff. July 1, 2020; Acts 2021, No. 343, §1, eff. Jan. 1, 2022). Thus, as provided by the statute, the BTA is granted jurisdiction over "[a]ll matters related to state or local taxes or fees" and "petition[s] for declaratory judgment or other action[s] relating to any state or local tax or fee ... or relating to contracts related to tax matters; and including disputes related to the constitutionality of a law ... concerning any related matter or concerning any state or local tax or fee."

As previously indicated, Ms. Gross' initial petition was filed on September 12, 2016, along with a motion for class certification, concerning her claims for consequential damages caused by the delayed payment of a solar tax credit. Ms. Gross sought a declaratory judgment that the retroactive application of La. R.S. 47:6030, as amended by Act 131, is unconstitutional and sought recovery of the full amount of her tax credit of $12,500.00, plus interest, consequential damages due to the delay and/or denial of the credit, and attorney's fees and costs. At that time, La. R.S. 47:1407 provided that the jurisdiction of the BTA extended to the following:

> (1) All matters relating to appeals for the redetermination of assessments, or for the determination of overpayments, or payment under protest petitions, as provided in R.S. 47:1431 through 1438.
>
> (2) All matters relating to the waiver of penalties, as provided in R.S. 47:1451.
>
> (3) All matters related to other jurisdiction otherwise provided by law, including rules to seek uniformity of interpretation of common sales and use tax law or local sales and use tax law, as provided in R.S. 47:337.101(A)(2).
>
> (4) All matters relating to claims against the state, as provided in R.S. 47:1481 through 47:1486.

> (5) Incidental demands authorized by law in any action pending before the board in the same manner as in a district court pursuant to Code of Civil Procedure Article 1031.

Thus, in 2016, Ms. Gross' claims in her class action petition did not fall within the jurisdiction of the BTA but rather within the jurisdiction of the district court. However, La. R.S. 47:1407 was amended in 2019 to vest subject matter jurisdiction with the BTA over "[a]ll matters related to state or local taxes or fees" and "petition[s] for declaratory judgment or other action[s] relating to any state or local tax or fee ... or relating to contracts related to tax matters; and including disputes related to the constitutionality of a law ... concerning any related matter or concerning any state or local tax or fee."

Because this court has previously stated that laws determining jurisdiction are procedural, we find the amendments to La. R.S. 47:1407 are procedural in nature and must be afforded retroactive application. See **Ransome v. Ransome**, 99-1291 (La. App. 1 Cir. 1/21/00), 791 So.2d 120, 122 n.2. Additionally, jurisdictional provisions apply from the date of their promulgation, to all lawsuits, even those that bear upon facts of a prior date and to pending lawsuits. *Id.*; **American Waste and Pollution Control Company v. State, Department of Environmental Quality**, 597 So.2d 1125, 1128-1129 (La. App. 1 Cir.), writs denied, 604 So.2d 1309, 1318 (1992). The amended statute herein vests exclusive subject matter jurisdiction for matters such as those brought by Ms. Gross in her class action petition with the BTA. Thus, in December 2022, when Ms. Gross' amended motion for class certification was considered by the district court, the district court was without subject matter jurisdiction to consider Ms. Gross' claims. As such, its judgment must be vacated.

11

## CONCLUSION

For the reasons set forth herein, the December 19, 2022 judgment of the district court is vacated. Because the district court lacked subject matter jurisdiction, this court also lacks subject matter jurisdiction to consider the merits of the appeal. See **Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd.**, 2001-0185 (La. 10/16/01), 797 So.2d 656, 663. Accordingly, this appeal is dismissed. All costs associated with this appeal are assessed against Sarah Gross, individually and on behalf of the class.

**JUDGMENT VACATED; APPEAL DISMISSED.**